ETHRIDGE, Chief Justice:
This suit to confirm title to a quarter section of land was brought in the Chancery Court of Washington County by complainant-appellees, S. B. Thomas and others, against defendant-appellants, Alexander Allen and others. Defendants asserted that they were in possession of a strip of land on the north side of the quarter section of somewhat more than four acres, and that they had been adversely possessing it since 1938. The chancery court confirmed the entire title in complainants.
In 1926 James G. Bailey became the owner of the SE^ of Section 29, Township 19 North, Range 8 West, Washington County, Mississippi. In April 1926 this land was sold to the State for delinquent taxes, and the title matured in the State. Mississippi Laws 1936, Chapter 213, conveyed the property to Mississippi State College for the use of the Delta Branch Experiment Station. In 1938 the Legislature authorized the Board of Trustees of Mississippi State College, for the purpose of settling litigation as to the validity of the 1926 tax sale, to purchase from the original owners title to a large quantity of land, to convey any part thereof (including the instant 160 acres) as part of the purchase price, and to effectuate exchanges of various tracts. Miss.Laws 1938, ch. 342. In 1938 the Board of Trustees of Mississippi State College conveyed the land in question to James G. Bailey for the purpose of settling certain litigation and as an exchange of property. By mesne conveyances, the complainants became owners of the record title.
In 1938 Ed and Alexander Allen and another person became vested with title to the NE14 of Section 29. They went into possession of the NE%,, cleared most of it, and started farming it in 1939. Alexander Allen and wife became owners of the east two-thirds of the NE^, and Ed Allen got title to the west one-third of the NE^. There was a barbed wire fence running east and west along what the Allens believed to be their southern boundary line, which would be the northern boundary of the SEJ4- The Allens occupied it up to the fence, which had signs posted along it indicating that the land to the south belonged to the Delta Branch Experiment Station. Beginning in 1938 the Allens occupied, cleared and cultivated the land which they believed to be theirs, i. e., the NE^ of Section 29. Alexander Allen finished clearing his land to the old fence line and tree line on the south in 1951, and cultivated the land up to that point every year thereafter. Between 1939 and 1951 he *884 planted and cultivated crops on all the land north of the experiment station’s east-west fence line, except a small part of the southeast corner which he cleared in 1951. Ed Allen cleared to the fence south of the west one-third of the NE]4> and in some places skipping over low, wet areas, and planted crops there from 1939 to date.
The chancery court was justified in accepting the Dean survey, which placed the southeast corner of the NE)4 further north than the Allens had claimed it to be since 1939. Nevertheless, it is undisputed that defendants have adversely possessed a strip of land along the northern boundary of the SE14 of Section 29, by occupying, clearing, cultivating, and exclusively controlling it from 1939 to the date this suit was filed in 1967.
Mississippi Code 1942 Annotated, Section 1323 (1956) provides:
The owner in possession of any land, or the owner thereof who may be out of possession, if there be no adverse occupancy thereof, may file a bill in the chancery court to have his title confirmed and quieted * * *.
In short, a suit to confirm title to land may not be brought if there is a party defendant in possession. The bill must show that either complainant is in the actual occupancy of the land, or if out of possession, that there is no actual adverse occupancy. Griffith, Mississippi Chancery Practice, § 217 (2d ed. 1950). In the instant case, the evidence reflects that defendants have been for more than ten years in the adverse occupancy of a strip of land across the northern part of the SE]4 of Section 29. In view of the statute and these facts, the chancery court was in error in confirming complainant-appellees’ title to that strip of land across the north part of the SEJ4, which was adversely occupied by defendants. Complainants were entitled to confirmation of their title only to the remainder of the SE]4 of Section 29.
The chancery court also erred in holding that there cannot be any hostility to the title of another by a person “until that person recognizes that the other person has a title paramount” to his. Possession is adverse when the holder claims and intends to claim title, without regard to the fact that the possession and claim is held and made under an honest, mistaken belief that the land is within the calls of his deed. Alexander v. Hyland, 214 Miss. 348, 58 So.2d 826 (1952); Metcalfe v. McCutchen, 60 Miss. 145 (1882).
There was evidence substantially locating the strip of land along the north side of the SE]4 of Section 29 which had been cultivated and adversely occupied by the defendants for more than ten years.
In summary, the decree of the chancery court confirming title in complainants to the entire SE]4 of Section 29 is reversed. The case is remanded to the trial court, with directions (1) to determine, either from the evidence now before it or from a survey made by a surveyor appointed by the court and additional evidence, the specific boundaries of the strip of land adversely possessed by defendant; and (2) thereafter to confirm in complainants title to the SEJ4 of Section 29, less and except the precisely identified strip of land adversely occupied and possessed by the defendants.
In view of this disposition of the case, it is not necessary to consider any constitutional issues concerning the conveyance to Bailey by the Board of Trustees of Mississippi State College.
Reversed and remanded.
JONES, BRADY, INZER and SMITH, JJ., concur.